UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 03-22158 CIV-SEITZ

MAGISTRATE JUDGE BANDSTRA

BRADLEY STEVENS and
SANDRA STEVENS, husband
and wife,

       Plaintiffs,

vs.

MIAMI PARK PLAZA CORP.,
a Florida corporation
doing business as
"Miami Park Plaza Hotel,"

       Defendant.
_____/

### COMPLAINT FOR DAMAGES
### (Jury Trial Demanded)

Plaintiffs sue Defendant and allege:

1. This is an action for damages in an amount which exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiffs BRADLEY STEVENS ("BRADLEY") and SANDRA STEVENS ("SANDRA") are *sui juris*, husband and wife and citizens and residents of the Country of the Bahamas.

3. Defendant MIAMI PARK PLAZA CORP. doing business as "Miami Park Plaza Hotel" ("HOTEL") is *sui juris*, a corporation organized and existing under the laws of the State of Florida and a business entity which has or at all



material times had an office and/or principal place of business located in Miami-Dade County, Florida.

4. Jurisdiction to hear this action is invoked pursuant to 28 U.S.C. Section 1332 in that there exists true diversity of citizenship between the parties Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district because BRADLEY and SANDRA are citizens and residents of a foreign nation and HOTEL is a corporation organized and existing under the laws of the State of Florida and a business entity which has or at all material times had an office and/or principal place of business located in Miami-Dade County, Florida, and the acts and/or omissions complained of herein and that gave rise to this action all occurred in Miami-Dade County, Florida.

6. On or about February 1, 2003, BRADLEY and SANDRA were guests of HOTEL which is located at 7707 N.W. 103rd Street in the City of Hialeah, Miami-Dade County, Florida.

7. At around 11:00 PM on February 1, 2003, BRADLEY and SANDRA entered an elevator car on their way up to their 14th floor room in HOTEL.

8. The elevator car that BRADLEY and SANDRA rode in stopped abruptly whereupon SANDRA suffered bumps to her head and knees that resulted in severe head, neck and back pain.

9. Moreover, the elevator car that BRADLEY and SANDRA rode in became disabled for a period of approximately four (4) hours, during which time BRADLEY, SANDRA and other HOTEL guests were trapped inside the elevator car as its doors would not open.

10. After being trapped for approximately one-half hour, BRADLEY, SANDRA and the other guests inside the elevator car were discovered by an employee of HOTEL's security staff who attempted to open the elevator doors but was unsuccessful in doing so after trying for approximately thirty (30) minutes.

11. During that time and for most of the time that BRADLEY and SANDRA were trapped inside the elevator car, there was considerable screaming and crying among its occupants/passengers.

12. SANDRA became increasing more upset and distressed as time progressed; she experienced claustrophobia, high anxiety and the symptoms of a panic attack.

13. Approximately two (2) hours later, the local fire department was called to the scene (apparently by employees of HOTEL) to render assistance to the persons trapped inside the elevator car.

14. Upon information and belief, the employees of the fire department who answered the call were frustrated by HOTEL's lack of proper equipment such as a ladder and lack of proper tools for opening the elevator doors.

15. The fire department personnel ultimately used its own ladder to provide aid from HOTEL's 15th floor in order to reach the elevator's occupants/passengers.

16. At or about the time that the fire department's personnel lowered the ladder from HOTEL's 15th floor, SANDRA began to feel nauseous due to her inhalation of pesticide fumes from an apparent recent fumigation of HOTEL. SANDRA experienced more severe somatic symptoms and felt increasingly more ill.

17. Moreover, throughout the ordeal, SANDRA became hysterical due to high levels of fear and anxiety on her part.

18. Eventually, SANDRA was coaxed by BRADLEY and the other guests inside the elevator car to use the fire department's ladder to climb out of the elevator car but

even then she had to cross beams and poles in order to actually land on HOTEL's 15th floor.

19. All the while BRADLEY and SANDRA were trapped in or escaping from HOTEL's elevator car, they were forced to inhale the toxic insecticide fumes.

20. Upon returning to their room on HOTEL's 14th floor, SANDRA experienced insomnia and high anxiety. The next morning, BRADLEY and SANDRA left HOTEL and returned to their home in Nassau, the Bahamas.

21. Since the traumatic incident that occurred at HOTEL, SANDRA has continued to experience physical and psychological problems. Her symptoms include insomnia, nightmares, claustrophobia, irritability, memory problems, hypervigilance, dizziness, severe headaches, tension and fear.

22. SANDRA has been diagnosed with Acute Stress Disorder by a psychiatrist in Nassau, the Bahamas, and was placed by him on treatment, psychological and psychotropic interventions, and medications for her severe headaches.

23. SANDRA has also been diagnosed with Post-Traumatic Stress Disorder by a Ph D. psychologist in Miami, Florida, and has undergone frequent counseling and

psychological testing since the traumatic incident on February 1, 2003.

24. SANDRA's symptoms have affected and continue to affect her parenting ability as well as her sexual behavior and marital relationship. Additionally, she has not been able to work in her profession since the traumatic incident that occurred at HOTEL on February 1, 2003.

25. SANDRA continues to experience physical symptoms (several headaches, muscle tension, low libido, low energy, hypervigilance and poor concentration) as a result of her chronic stress and muscle tension associated with the traumatic incident.

26. Since the traumatic incident in question, BRADLEY has lost SANDRA's consortium and sustained other damages as a result of SANDRA's diminished earning capacity.

27. HOTEL was negligent and careless with respect to a) its poor maintenance and operation of the elevator car in question, b) its inability and lack of preparedness to respond to an emergency situation such as that which occurred on February 1, 2003, c) its lack of adequate equipment and tools to assist guests like BRADLEY and SANDRA trapped in one of its elevator cars and/or employees of the local fire department responding to HOTEL's distress

call, d) its failure to protect its guests from getting trapped in an elevator car for approximately four (4) hours, and e) its failure to protect its guests such as BRADLEY and SANDRA from the conditions that caused them to sustain injuries.

28. HOTEL owed a duty to BRADLEY and SANDRA and to its other guests to prevent an incident like the one that occurred on February 1, 2003 and/or to minimize the risk of injury sustained by BRADLEY and SANDRA and by its other guests as a result of such an incident even if such an incident were not altogether preventable.

29. HOTEL breached its duty to BRADLEY and SANDRA and to its other guests by its acts and/or omissions amounting to negligence and carelessness on its part including, without limitation, those acts and/or omissions alleged with greater specificity in paragraph 24 a), b), c), d), and e) above.

30. HOTEL's negligence and carelessness was the direct and proximate cause of the injuries sustained by BRADLEY and SANDRA which injuries are more specifically alleged elsewhere in this judicial complaint.

31. HOTEL is liable to BRADLEY and SANDRA for the damages that they sustained as a result of the traumatic incident that occurred at HOTEL on February 1, 2003.

32. All conditions precedent to the maintenance of this action have been waived and/or excused by HOTEL and/or have been satisfied on performed by BRADLEY and SANDRA.

33. BRADLEY and SANDRA demand trial by jury of all issues, claim and defenses in this case triable as of right by a jury.

WHEREFORE, BRADLEY and SANDRA demand judgment for damages against HOTEL, together with the costs of this action.

Date: 8/7/03

MANZINI & ASSOCIATES, P.A.
Attorneys for Plaintiffs
Alfred I. duPont Building
169 E. Flagler Street - #1500
Miami, FL. 33131
Telephone: (305) 577-9903
Fax No: (305) 577-6121

By: _____
NICOLAS A. MANZINI, ESQ.
Fla. Bar No: 248827

#1565.01
Complaint
August 6, 2003

# CIVIL COVER SHEET

**03-22158**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-SEITZ**

**MAGISTRATE JUDGE BANDSTRA**

## I.(a) PLAINTIFFS
Bradley Stevens and Sandra Stevens, husband and wife

Dade/03-22158-cv-Seitz/Bandstra

FILED BY _____ 2003 AUG 12 PM 12:04
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA- MIA

**DEFENDANTS**
Miami Park Plaza Corp.

### (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
(Nassau, the Bahamas)

N/A

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nicolas A. Manzini, Esq., Manzini & Asso. P.A., 169 East Flagler St., Suite #1500 Miami, FL 33131-Tel:(305) 577-9903

ATTORNEYS (IF KNOWN) J.M. Guarch, Esq., Aran, Correa & Guarch, 710 South Dixie Highway, Coral Gables, FL 33146 Tel: (305) 665-3400

### (d) CIRCLE COUNTY WHERE ACTION AROSE:
(DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332

IVa. 2 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS / PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations A
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General*
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other*
- ☐ 550 Civil Rights *A or B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions *A or B

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
☒ Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/7/03
SIGNATURE OF ATTORNEY OF RECORD: Nicolas A. Manzini

UNITED STATES DISTRICT COURT
S.F 1-2 REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 887334 Amount: 150.00
Date Paid: 08/12/03 M/fp: _____